[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution of a marriage between the parties which occurred on August 19, 1978 in South Salem, New York. At that time, the wife's maiden name was Olean Mattei. Two minor children are issue of this marriage: Jeffrey C. Sanna, born May 8, 1980; and Jason R. Sanna, born February 20, 1982. No other minor children were born to the wife since the date of the marriage. Neither party has been the recipient of state aid or other form of public assistance. The plaintiff has resided continuously in the State of Connecticut at least twelve (12) months prior to the filing of this complaint. The court finds that the marriage has broken down irretrievably and a decree of dissolution may enter on the grounds of irretrievable breakdown.
The thirty-nine (39) old plaintiff is employed as a corporate secretary/office manager at Remlitho, Inc., earning gross wages of $900 per week. The forty-four (44) year old defendant is self-employed as an automobile mechanic, earning gross wages of approximately $426 per week. CT Page 8316
The parties presented to the court a written stipulation resolving all issues except the determination of the net value of all assets acquired during the marriage. Pursuant to the parties' agreement, these net assets, once determined, are to be divided equally. The written agreement of the parties, dated January 27, 1995, is found to be fair and equitable. The provision for the support of the minor children, Jeffrey and Jason, is found to comport with the Child Support Guidelines. The written agreement is approved and incorporated by reference in the judgment of dissolution, with the exception of article XI. The court will specifically retain jurisdiction to effectuate the provisions of article V of said agreement.
Based upon the evidence presented at trial, and the sworn financial affidavits presented, the court makes the following findings regarding the values of assets acquired and liabilities incurred during the marriage:
1. Pursuant to the parties' stipulation at trial, the real property located at 16 Secor Drive, Brookfield, Connecticut, has a gross value of $168,000 and a net value of $68,718.28. The plaintiff wife shall be entitled to this property as provided in article 5.2 of the parties' agreement. She shall be fully responsible for the payment of all costs and obligations associated with such property, and shall indemnify and hold the defendant harmless from any liability thereon.
2. The plaintiff's 1987 Chevrolet van has a net value of $4,000.
3. The defendant's 1993 Corvette has a market value of $25,500, pursuant to agreement by the plaintiff at trial. The outstanding balance of the loan is found to be $33,122.50, leaving a negative equity of $7,622.50.
4. Pursuant to plaintiff's exhibit 1, the balances of the plaintiff's credit card debts are:
A. First Card $4,052.68
B. Chase 3,588.92
C: People's 5,155.10
5. The defendant's 1989 GMC truck has a net value of $4,500. CT Page 8317
6. The value of the defendant's tools acquired during the marriage is $13,000.
7. The defendant's credit card debts, including American Express, Citibank Master Card and Visa, total $4,500. The debt to Snap-On-Tools is found to be $5,627.40. The debt to MDMA is found to be $10,683.35. The debt to Joseph Sanna is found to be $14,000.
8. The defendant's Shawmut and People's bank accounts are found to be a total of $300.
The total assets of the parties acquired during the marriage, as well as the assignment of same indicated by (W) to the plaintiff wife and (H) to the defendant husband, are as follows:
 House (W) $ 68,718.28 Van (W) 4,000.00 Truck (H) 4,500.00 Tools (H) 13,000.00 Bank Accounts (H) 300.00 Corvette (H) 25,500.00 ----------- $116,018.28
The total liabilities of the parties acquired during the marriage and the obligations of the parties indicated by (W) plaintiff wife and (H) defendant husband are as follows:
 Snap-On-Tools (H) $ 5,627.40 Joseph Sanna (H) 14,000.00 Credit Cards (H) 4,500.00 MDMA (H) 10,683.35 People's (W) 5,155.10 Chase (W) 3,588.92 First Card (W) 4,052.68 GMAC (H) 33,122.50 ----------- $80,729.95
The boat shall be sold and the net proceeds divided equally between the parties.
The total net assets of the parties are calculated to be CT Page 8318 $35,288.33. Pursuant to article 5.1 of the parties' agreement, each party is entitled to one-half of the net value of all assets acquired during the marriage. To effectuate this provision, the plaintiff wife shall pay to the defendant husband the sum of $42,277.42.
In accordance with the parties' stipulation at trial, the plaintiff and defendant shall have thirty (30) days to formulate an agreeable payment schedule. The court reserves jurisdiction to make orders of payment in the absence of agreement by the parties.
The plaintiff shall cause to be prepared any documents necessary for the transfer of title of property. The executed deed for the transfer of title to the real property shall be held in escrow until full payment is made to the defendant by the plaintiff, pursuant to this decision.
Dennis, J.